UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO SOTOMAYOR-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT AND DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | No. 1:17-cv-01721-JLT (HC)<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED<br><br>ORDER DIRECTING THE CLERK OF COURT TO SERVE DOCUMENTS ON RESPONDENT |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In his First Amended Petition, Petitioner indicates he was placed into ICE custody on June 7, 2017, and he has remained in detention for over eight months. (Doc. 4.) He alleges he is a citizen of Cuba who is not deportable; however, ICE refuses to release him on an order of supervision. Petitioner appears to contend that his detention has exceeded the six-month presumptive period set forth in Zadvydas v. Davis, 533 U.S. 678 (2001), that his continued detention is no longer reasonable, that Respondent has been unable to effect his removal to Cuba, that there is no significant likelihood of such removal in the reasonably foreseeable future, and therefore that his ongoing detention is indefinite and violates his substantive and procedural due

1

process rights.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent **SHALL** show cause why the Petition should not be granted. Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2). Respondent **SHALL** include a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases. In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading. Should the parties fail to notify the Court that Petitioner has been released, the parties may be subject to sanctions pursuant to the inherent power of the Court to issue sanctions in appropriate cases. See Local Rule 110.

Accordingly, the Court **ORDERS**:

1. Respondent is **SHALL** show cause why the Petition should not be granted. The Return to the Order to Show Cause is due **within 45 days** of the date of service of this order. Petitioner may file a Traverse to the Return **within 10 days** of the date the Return to the Order to Show Cause is filed with the Court.

2. The Clerk of the Court is **DIRECTED** to serve a copy of the Petition for Writ of Habeas Corpus on the United States Attorney.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h). As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse. All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated: __February 28, 2018__       __/s/ Jennifer L. Thurston__
                                                                        UNITED STATES MAGISTRATE JUDGE